PROB 12A
(NYEP-11/25/02)

USPO Mitchell-Clinton Street

# United States District Court
## for
## Eastern District of New York
### Report on Offender Under Supervision

Name of Offender: **Toney Earl, Jr.**            Case Number: **03-CR-1292(ARR)**

Name of Sentencing Judicial Officer: **The Honorable Allyne R. Ross, U.S. District Judge**

Date of Original Sentence: **July 22, 2004**

Original Offense: **Conspiracy to Utter Counterfeit Checks, in violation of 18 U.S.C. 371, a Class D Felony**

Original Sentence: **Three Years Probation; Participate in Substance Abuse Treatment; Participate in a Full-Time Educational or Vocational Training program; Participate in Budget and/or Credit Counseling; Firearm Prohibition; and a $100 Special Assessment Fee.**

Type of Supervision: **Probation**            Date Supervision Commenced: **July 22, 2004**

===========================================================================

## NON-COMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. | Drug Use |
| 2. | Failure to Participate in Drug Treatment |
| 3. | Failure to Comply with Drug Testing |

The releasee has illegally used drugs and failed to participate in drug treatment. On September 9, 2005, and October 25, 2005, the offender submitted urine specimens which tested positive for marijuana and cocaine respectively. He was subsequently confronted with the positive results and admitted to use. Consequently, the probationer was placed in an out-patient substance abuse treatment program. However, during December 2005, he failed to attend treatment and provide urine specimens as required.

Upon a finding of drug use, wherein an offender tests positive for illegal controlled substances more than three times within twelve months, the statue requires that supervision be revoked and a term of imprisonment be imposed (18 USC 3565 (b)(1), 3583 (g), amended November 2, 2002). The only exception is where the Court finds the offender's past or current involvement in an appropriate treatment program warrants a reprieve from mandatory revocation. (Applies to cases where the offense and conviction began after September 13, 1994).

U.S. Probation Officer Recommendation:

The offense and conviction occurred after September 13, 1994. On January 9, 2006, the offender entered a short-term residential program at Daytop Brightside Manor in Rhinebeck, NY, after admitting using cocaine and marijuana.

Predicated upon the offender's involvement in a short-term residential program at Daytop Brightside Manor, we respectfully recommend that no action be taken at this time. Should he leave the residential program against clinical advice, or if he displays any further non-compliant behavior throughout his term of probation, we will notify Your Honor recommending further appropriate action.

Respectfully submitted by,

JaQuita Mitchell
U.S. Probation Officer
January 26, 2006

Approved by,

Eileen Kelly
Deputy Chief U.S. Probation Officer
January 26 2006

THE COURT ORDERS:

- [x] No Action
- [ ] Submit a Request for Modifying the Condition or Term of Supervision
- [ ] Submit a Request for Warrant or Summons
- [ ] Other

Signature of Judicial Officer

1/30/06
Date